TEOFILO NARANJO v. THE STATE.

No. 12483. Delivered April 17, 1929.

The opinion states the case.

330

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for lending money to pay poll tax; punishment, a fine of $25.00.

In the court's charge in this case he instructed the jury that Enrique Jurado, the party to whom it is charged appellant gave or lent money with which to pay a poll tax,—was an accomplice. This witness swore that appellant did on a certain date and at a certain place lend him $1.75 with which to pay his poll tax. The contention of appellant is that there is no corroboration of this witness. Said witness swore that when appellant let him have the money they were in appellant's house and no one else was present. Pablo Jurado swore that on January 30, 1928, he and a group of others, including his son, Enrique, came from Socorro to El Paso for the purpose of paying poll taxes. Before leaving for El Paso this witness saw appellant at "Sierra's house" and got from him $1.75 to pay his poll tax. Enrique swore that he got his money from appellant at the home of appellant. Manuel Jurado also testified for the State that on January 30, 1928, appellant gave him, witness, $1.75 to pay his poll tax. Appellant took the witness stand in his own behalf and testified that about the date mentioned Enrique Jurado came to his house and borrowed $2.00 from him, but no statement was then made or at any other time as to what the money was for. Appellant's reputation was shown to be good. No other witness testified to any criminative fact. No one swore to seeing the transaction concerning the lending of the money by appellant to Enrique, save Enrique. No statement of appellant at any time made to anybody regarding the transaction, appears. No check or receipt shedding any light upon the transaction is in evidence. We have carefully considered all the facts and confess ourselves unable to find anything in the record aside from the testimony of Enrique Jurado tending to show even the commission of the offense, by appellant. Under all the authorities the testimony, aside from that of the accomplice, must not only tend to show the commission of the offense but must also tend to corroborate the testimony of the accomplice that the offense was committed by the accused.

Being unable to bring ourselves to believe the testimony in this case sufficient, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*